**Saeed HADWARI, Plaintiff,**

v.

**KEYSTONE SHIPPING CO., INC., Defendant.**

**Civ. A. No. 89–1639–N–A.**

United States District Court, D. Massachusetts.

April 24, 1991.

Thomas J. Hunt, Hunt & White, Boston, Mass., for plaintiff.

Richard B. Kydd, Kneeland, Kydd & Handy, Boston, Mass., for defendant.

## OPINION

BAILEY ALDRICH, Senior Circuit Judge.[*]

The court has before it a motion by plaintiff to enforce settlement that is opposed by defendant on the ground that the settlement was conditioned upon the approval of the board of directors of defendant's insurer, and the board did, thereafter, disapprove. The facts are these. The case was assigned for trial on March 11, 1991, and was reached, but plaintiff reported sick. A jury was empaneled, and ordered to return on March 14. The court was informed that there were on-going settlement negotiations. On the morning of March 14, at a lobby conference, both counsel informed the court that agreement had been reached, and that the case was settled. In accordance with the court's practice, no figures were mentioned, and the paper details were left to the parties and the clerk. However, in counsel's presence, the court instructed the deputy clerk to discharge the jury and take the case off the list as settled. No objection was made.

Thereafter the deputy clerk entered the following order.

The Court having been advised by the counsel for the Plaintiff (and all other parties, if any, with affirmative claims) that the above action has been settled,

IT IS ORDERED that this action is hereby dismissed without costs and without prejudice to the right, upon good

cause shown within 60 days, to reopen the action if settlement is not consummated.

On April 10 defendant mailed a letter to plaintiff's counsel reciting the amount of the settlement, and containing releases for plaintiff to sign and return "in order that we may obtain settlement funds." The letter continued,

You will also find enclosed Agreement for Judgment and Judgment Satisfied. Would you please sign the Agreement and return it to this office for filing with the clerk of the United States District Court. A copy is enclosed for your file.

Plaintiff's counsel was away, but, on return to his office he was told that defendant's counsel's concept of the settlement was that it was conditioned upon the approval of defendant's insurer's board of directors and that they had now disapproved. Plaintiff asks the court to find that the settlement was unconditional, and to order judgment for plaintiff accordingly.

First, and most important, the court finds that the word "settlement" was never used in its presence as reserving an option on behalf of the defendant to withdraw if its insurer finally failed to approve. Defendant's counsel concedes as much, but says there was a known custom to that effect. Whether there was some such floating custom, and even if it were known to plaintiff's counsel, it was not made known to the court. It would be a flat contradiction of the term settlement, as well as inconsistent with dismissing the case, let alone discharging an already empaneled jury. With no mention of a conflicting custom, an acceptance, or complaisance by the court is not to be presumed. At the least defendant must be taken as estopped from asserting it. *See Patriot Cinemas, Inc. v. General Cinema Corp.*, 834 F.2d 208, 212–14 (1st Cir.1987) (party who represented to court that it was withdrawing claim is judicially estopped from later asserting it); *Wang Laboratories, Inc. v. Applied Computer Sciences, Inc.*, 741 F.Supp. 992, 996–98 (D.Mass.1990), *re-*

[*] Sitting by designation

*manded on other grounds,* 926 F.2d 92 (1st Cir.1991).

The order dismissing the action is revoked; the settlement, as at least apparently agreed to by the parties,[1] and acted upon by the court, is to be enforced. Judgment is to be entered for the plaintiff in the agreed amount of $175,000, without costs, but with interest at 12% since March 14, 1991. *Mathewson Corp. v. Allied Marine Indus., Inc.,* 827 F.2d 850 (1st Cir.1987) (unconditional settlement offer enforced as written); *Schneider v. Dumbarton Developers, Inc.,* 767 F.2d 1007, 1015 (D.C.Cir. 1985) (settlement agreement may be enforced summarily); *Mid–South Towing Co. v. Har–Win, Inc.,* 733 F.2d 386, 389 (5th Cir.1984) (same).

---

1. Defendant has not contended that its counsel lacked apparent authority to settle. If that contention is sought to be advanced, the court will reopen this order for a further hearing. *Mid–*

*South Towing Co. v. Har–Win, Inc.,* 733 F.2d 386, 390–91 (5th Cir.1984).